Filed 7/31/14  P. v. Mobley CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>WAYNE MOBLEY,<br><br>        Defendant and Appellant. | A141487<br><br>(City & County of San Francisco<br>Super. Ct. No. 201125) |

Defendant Wayne Mobley was convicted in 2008 of one count of second degree robbery, in violation of Penal Code sections 211, 212.5, subdivision (b).[1] Defendant was sentenced to 35 years-to-life pursuant to the three strikes law (§§ 1170.12, subds. (b), (c), 667, subds. (a), (d), (e)) based on his 14 prior second degree robbery and attempted robbery convictions.

In January 2014, defendant filed a petition for resentencing pursuant to section 1170.126, subdivision (e), enacted in 2012 by the passage of Proposition 36.  The trial court denied defendant's petition on the ground that he was ineligible for resentencing under the statute.  Defendant filed a timely notice of appeal.[2]

[1] All statutory references are to the Penal Code

[2] The California Supreme Court has granted review to determine whether a defendant has the right to appeal the trial court's denial of his petition to recall his sentence under section 1170.126. (See *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708.) To the extent the ruling is not appealable, we exercise our discretion to treat defendant's appeal as a petition for writ of mandate. (*People v. Dunckhurst* (2014) 226 Cal.App.4th 1034, 1038, fn. 2.)

1

On appeal, appointed counsel filed a brief raising no issues, but requested this court to independently review the record for arguable contentions pursuant to *People v. Wende* (1979) 25 Cal.3d 436. Having conducted an independent review of the record, we find that there are no arguable appellate contentions.

Section 1170.126, subdivision (e)(1) provides: "An inmate is eligible for resentencing if: [¶] . . . The inmate is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of Section 667 or subdivision (c) of Section 1170.12 for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." Defendant is serving an indeterminate term of life imprisonment for a conviction of robbery which is defined as serious and violent by sections 667.5, subdivision (c)(9) and 1192.7, subdivision (c)(19). As such, defendant is statutorily ineligible for resentencing due to his current conviction of a serious and violent felony.

Defendant has filed a letter brief with this court that is largely incomprehensible. To the extent that defendant appears to be arguing that his three strike sentence violates the double jeopardy or ex post facto clauses of the federal Constitution, we note that the time for such challenges has past and the courts have, in any event, consistently upheld the constitutionality of the three strikes law. (See, e.g., *Monge v. California* (1998) 524 U.S. 721, 728; *Witte v. United States* (1995) 515 U.S. 389, 400.) Defendant's argument that the "people failed to carry the burden of proving [he] pose[s] an 'unreasonable risk of danger to public safety' " under section 1170.126, subdivision (f) is similarly unavailing. Subdivision (f) is applicable only if a petitioner meets the criteria for resentencing under subdivision (e).[3]

---

[3] Section 1170.126, subdivision (f) reads: "Upon receiving a petition for recall of sentence under this section, the court shall determine whether the petitioner satisfies the criteria in subdivision (e). If the petitioner satisfies the criteria in subdivision (e), the petitioner shall be resentenced pursuant to paragraph (1) of subdivision (e) of Section 667 and paragraph (1) of subdivision (c) of Section 1170.12 unless the court, in its discretion, determines that resentencing the petitioner would pose an unreasonable risk of danger to public safety."

Since defendant is statutorily ineligible for resentencing under section 1170.126, we shall affirm the order denying his petition.

## Disposition

The order is affirmed.

_____
Pollak, J.

We concur:

_____
McGuiness, P. J.

_____
Jenkins, J.